UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE UNITED STATES OF AMERICA FOR THE
USE OF TRANE US, INC.,　　　　　　　　　　　　　　　ORDER

       Plaintiff,　　　　　　　　　　　　　　　13-CV-2689 (NGG) (RER)

   -against-

JHJ ENTERPRISES, LLC and
WESTCHESTER FIRE INSURANCE COMPANY,

       Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff The United States of America for the Use of Trane US, Inc. commenced this action on May 3, 2013, seeking to recover money damages pursuant to the Miller Act, 40 U.S.C. §§ 3131 et seq. (Compl. (Dkt. 1).)

  On February 26, 2014, Plaintiff moved for summary judgment against Defendant JHJ Enterprises, LLC to enforce a settlement agreement in which Defendant had agreed to pay Plaintiff $31,832.20. (Pl. Mot. for Summ. J. (Dkt. 28).) On March 11, 2014, the court referred this motion to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dkt. 31.) On August 1, 2014, Judge Reyes issued an R&R recommending that Plaintiff's "motion be granted in part, that the settlement be enforced, and that the Court enter final judgment against JHJ in the total amount of $39,510.88." (R&R (Dkt. 38).)

  No party has objected to Judge Reyes's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 5 ("Any objections to this R&R must be filed with the Clerk of the Court and the Chambers of the Honorable Nicholas G. Garaufis within fourteen days of receiving this R&R.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v.

1

Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

Finding no clear error as to the issue of liability and Plaintiff's entitlement to prejudgment interest but not attorneys' fees, the court adopts those portions of the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). As to the calculation of damages, however, the court modifies the calculation as follows. The settlement agreement provides that in the event of an uncured default, Plaintiff may enter judgment including interest on $31,832.20 from March 30, 2012. (Settlement Agreement (Dkt. 27) ¶ 2(c).) As Judge Reyes noted, prejudgment interest on Miller Act claims accrues at the applicable state law interest rate. The prejudgment interest rate in New York is 9 percent. N.Y. C.P.L.R. §§ 5001, 5004. Interest on $31,832.20 from March 30, 2012 to August 29, 2014 (when judgment will be entered) is $6,931.55 (at $7.85 per day). As Judge Reyes noted, Plaintiff is also entitled to costs and disbursements of $650. (Settlement Agreement ¶ 2(c) ("plus the costs and disbursement of this LITIGATION").)

Accordingly, the court ADOPTS the R&R AS MODIFIED. Plaintiff's motion for summary judgment is GRANTED. The court AWARDS Plaintiff a total of $39,413.75, which includes $31,832.20 in principal, $6,931.55 in prejudgment interest calculated through August 29, 2014 (accruing thereafter at a rate of $7.85 per day), and $650.00 in costs and disbursements.

SO ORDERED.

Dated: Brooklyn, New York  
      August 29, 2014

                                                       s/ Nicholas G. Garaufis  
                                                      NICHOLAS G. GARAUFIS  
                                                      United States District Judge